UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---
JOSEPH MATTERA,
                            Plaintiff,              24-cv-7911 (JGK)

           - against -                  ORDER

GUO YANFANG, ET AL.,
                           Defendants.
---

**JOHN G. KOELTL, District Judge:**

    The plaintiff is proceeding <u>pro se</u> and <u>in forma pauperis</u> status has been granted. Therefore, service in this case can be made by the U.S. Marshal Service. However, the plaintiff must provide sufficient information for service to be made on the defendants. The Federal Rules of Civil Procedure authorize three methods of service for defendants located abroad: (1) "internationally agreed means of service that is reasonably calculated to give notice," such as the Hague Convention (the "Convention"); (2) where no international agreement applies, methods reasonably calculated to provide notice; and (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1)-(3).

    The defendants in this case are located in China. Because China is a party to the Hague Convention, the Convention applies. <u>Smart Study Co., Ltd. v. Acuteye-Us</u>, 620 F. Supp. 3d 1382, 1389 (S.D.N.Y. 2022). The Convention permits service to a country's central authority; however, this mode of service

involves substantial delay. Stream SICAV v. Wang, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) (authorizing Rule 4(f)(3) alternative service in China because a months-long delay was likely if service was sought through China's central authority).

Alternatively, the Convention "permits alternative methods of service unless the receiving country objects." Smart Study, 620 F. Supp. at 1392. China has objected to service by email. Id. at 1393. However, the Convention does not apply where "the address of the person to be served with the document is not known" Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd., No. 24-cv-744, 2024 WL 2317715, at *3 (S.D.N.Y. May 22, 2024). Before courts will authorize alternative service by email pursuant to Federal Rule of Civil Procedure 4(f)(3), the plaintiff must make a showing that the defendant's mailing address cannot be found. See, e.g., Cawthon v. Zhousunyijie, No. 22-cv-3021, 2024 WL 1156073, at *4-5 (S.D.N.Y. Mar. 18, 2024); Cawthon v. Lishuang, No. 22-cv-7381, 2024 WL 3813879, at *2 (S.D.N.Y. July 19, 2024).

Accordingly, the plaintiff should either provide mailing addresses for the defendants or should bring a motion for alternate service by email and allege facts showing that no mailing address is available for the defendants and that the

defendants are likely to receive the summons and complaint by email.

SO ORDERED.
Dated:   New York, New York
         November 8, 2024

                                              _____
                                                    John G. Koeltl
                                              United States District Judge